Citation Nr: 1528185 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 11-17 745 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disability. 

2. Entitlement to a total disability rating based on individual unemployability (TDIU). 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran




ATTORNEY FOR THE BOARD

K. Forde, Associate Counsel


INTRODUCTION

The Veteran served on active duty from May 1983 to October 1991. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a May 2010 rating decision by the Cleveland, Ohio Regional Office (RO) of the Department of Veterans Affairs (VA). 

The Veteran testified at a hearing before the undersigned Veterans Law Judge in March 2014. A copy of the hearing transcript has been associated with the file. 

In October 2014, the Board, in pertinent part, denied service connection for an acquired psychiatric disability and the TDIU claim. The Veteran appealed the Board's October 2014 decision to the United States Court of Appeals for Veterans Claims (Court), which in a May 2015 order, granted the parties' joint motion for partial remand (JMR), vacating the Board's October 2014 decision to the extent it denied service connection for an acquired psychiatric disability and TDIU and remanded the claim for compliance with the terms of the JMR.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In its May 2015 Order granting the JMR, the Court determined that the Board should satisfy its duty to assist by obtaining VA treatment records dated after September 2013. The Court specified that the Veteran testified in March 2014, that he continues to see a VA therapist every four to six weeks and a VA psychiatrist once a month. As such, VA should obtain all relevant VA treatment records which could potentially be helpful in resolving the Veteran's claims. Bell v. Derwinski, 2 Vet. App. 611 (1992).

Further, the Board failed to address whether all of the Veteran's enumerated psychiatric diagnoses incurred in service. This will require a new examination and accompanying medical opinion. 

Lastly, the Court determined that the Board failed to discuss a July 2011 VA physical capacities evaluation in support of the Veteran's TDIU claim. Specifically, the Veteran's primary care physician opined that the Veteran's pain and fatigue were disabling to the extent that it prevents the Veteran from working full-time, even in a sedentary position. Significantly, however, this evaluation also contemplated the Veteran's non-service connected disabilities. As such, it appears the JMR contends that the Veteran should be accorded a VA examination that assesses the combined effect of the Veteran's collective service-connected disabilities upon his employability. Therefore, the Board must remand this case for such an examination. 

Accordingly, the case is REMANDED for the following action:

1. Associate with the claims file, all pertinent outstanding VA medical records dated after September 2013. All actions to obtain the requested records should be documented fully in the claims file. 

2. Notify the Veteran that he may submit lay statements from himself and from other individuals who have first-hand knowledge, and/or were contemporaneously informed of his in-service and post-service psychiatric symptomatology and the impact of his service-connected disabilities on his ability to work. The Veteran should be provided an appropriate amount of time to submit this lay evidence.

3. Schedule the Veteran for an examination by an appropriate VA medical professional in order to ascertain the Veteran's current psychiatric state and to determine whether it is at least as likely as not that any identified psychiatric diagnosis, to include major depressive disorder, generalized anxiety disorder, depression, not otherwise specified, and panic disorder with agoraphobia had its onset in service or was caused or aggravated by a service-connected disability. The examiner is requested to opine as to: 

a) whether any diagnosed acquired psychiatric disorder, other than somatoform disorder, is due to disease or injury in the Veteran's service,

b) whether any diagnosed acquired psychiatric disorder, other than somatoform disorder, is due to the Veteran's service-connected ankle, varicose veins, or fibromyalgia, and

c) whether any diagnosed acquired psychiatric disorder, other than somatoform disorder, has been permanently worsened by the Veteran's service-connected ankle, varicose veins, or fibromyalgia.

If the examiner finds that a diagnosed acquired psychiatric disorder, other than somatoform disorder, has been permanently worsened by the Veteran's service-connected ankle, varicose veins, or fibromyalgia hip, please opine as to:

a) the baseline level of severity of any such condition prior to the onset of the aggravation from the Veteran's service-connected disabilities and,

b) the current level of severity of any such condition.

The examiner should review the Veteran's claims file, conduct any necessary testing, and provide an explanation for all elements of his/her opinion, citing to clinical findings, claims file documents, and/or medical literature as appropriate. 

The examiner should specifically indicate the reasons and bases for his/her conclusions.

4. After completion of the development requested above, schedule the Veteran for an appropriate VA examination regarding his claim of entitlement to a TDIU rating. The claims file should be made available to and reviewed by the examiner. All appropriate tests should be conducted. 

The examiner should report all pertinent findings and opine as to the Veteran's current level of functioning and the impact of his service-connected disabilities on his daily activities and his ability to work, including what specific limitations the Veteran's disabilities would produce and what activities would be impacted. 

The Veteran is service connected for fibromyalgia, rated as 40 percent disabling; fracture of the right ankle, rated as 20 percent disabling; and, varicose veins of the right leg, rated as 20 percent disabling. 

All findings, along with a fully articulated medical rationale for all opinions expressed, should be set forth in the examination report. 

After conducting any additional development deemed necessary, the RO should consider whether to refer the claim of entitlement to a TDIU to the Under Secretary for Benefits or the Director of Compensation and Pension Services for consideration under 38 C.F.R. § 4.16(b).

5. Thereafter, readjudicate the appeal, including entitlement to a TDIU. If the claim remains denied, the Veteran and his representative should be provided with a supplemental statement of the case and given an opportunity to respond before the case is returned to the Board for further appellate review.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).